UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| BRIAN PAIGE )<br>)<br>Plaintiff, individually and )<br>on behalf of all others )<br>similarly situated )<br>)<br>)<br>v. )<br>)<br>Bitconnect International PLC, *et al.* )<br>)<br>)<br>)<br>Defendants. )<br>_____ ) | Case No.: 3:18-cv-00058-JHM |

### ORDER GRANTING TEMPORARY RESTRAINING ORDER

This matter is before the Court on Plaintiff's Motion for Temporary Restraining Order (Docket No. 2-1). Under Fed. R. Civ. P. 65, a Court may grant a temporary restraining order *ex parte*. As required by the rule, specific facts in the form of an affidavit or verified complaint must demonstrate an "immediate and irreparable injury, loss, or damage, will result to movant before the adverse party can be heard in opposition," and the attorney must certify in writing any efforts made to provide notice to the adverse party. *See* Fed. R. Civ. P. 65(b)(1). Any Order issued without notice to the adverse party must state "the date and hour it was issued; describe the injury and state why it is irreparable; state why the order was issued without notice and be promptly filed in the clerk's office and entered in the record. The order expires at a time after entry – not to exceed 14 days." *Id.* at (b)(2).

This Court has considered the following factors: (1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent

a restraining order, (3) whether granting the restraining order would cause substantial harm to others, and (4) whether the public interest would be served by granting the restraining order. *Ohio Rep. Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008) (citation omitted). Having review the Motion and being otherwise sufficiently advised, the Court hereby finds as follows:

1. Plaintiff and the Class has shown a strong likelihood of success on the merits of their claims for violation of Federal securities law, Kentucky security law, breach of contract, and fraudulent inducement.

2. Plaintiff has established in its Motion and supporting Affidavit that the rights of Plaintiff and the Class will be immediately and irreparably harmed absent a temporary restraining order from this Court. Without entry of the temporary restraining order, Plaintiff may be unable to recover for his equitable claims.

3. The balance of hardships also favors Plaintiff because a temporary restraining order would present the status quo and give the Court the ability to make a meaningful ruling on the merits of this case.

4. The entry of a temporary restraining order is in the public interest because the public is interested in preventing massive consumer fraud and other securities violations described in the Class Action Complaint.

5. This temporary restraining order is being entered without notice to Defendants to preserve the status quo and prevent irreparable harm until such time as the Court may hold a hearing.

6. Because of the apparent strength of Plaintiff's case, the Court concludes that requiring security pursuant to Fed. R. Civ. P. 65(c) is not appropriate in this case, At this time [JHM]

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's Motion for Temporary Restraining Order is GRANTED.

2. Defendants, Bitconnect International, PLC, Bitconnect LTD and Bitconnect Trading, LTD and Ryan Maasen shall within ~~five (5)~~ ten (10) *(JHM)* days of the entry of this Order disclose (a) all Bitcoin and other cryptocurrency wallet addresses, (b) all cryptocurrency trading account addresses, and (c) the identity of the holder/owner of any wallet or cryptocurrency address to which Defendants have transferred any Bitcoin or other cryptocurrency in the past 90 days, so that these assets can be monitored and traced.

3. Defendants, Bitconnect International, PLC, Bitconnect LTD and Bitconnect Trading, LTD and Ryan Maasen, are hereby forbidden from moving any assets unless specifically allowed by this Court.

4. The requirement of security under Fed. R. Civ. P. 65(c) is waived, for now. *(JHM)*

5. The temporary restraining order will expire fourteen (14) days from its entry in accordance with Fed. R. Civ. P. 65(b)(2).

Dated this ~~29th~~ 30th day of January 2018, at 4:46 PM, CST.

*Joseph H. McKinley*
Judge, Western District of Kentucky

3