**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| **Brian Paige** )<br>)<br>   **Plaintiff, individually and** )<br>   **on behalf of all others** )<br>   **similarly situated** )<br>)<br>)<br>v.   )   Case No.: 3:18:CV-00058-JHM-DW<br>)<br>**Bitconnect International PLC,** *et al.* )<br>)<br>)<br>)<br>   **Defendants.** )<br>_____ ) | |

## ORDER GRANTING PRELIMINARY INJUNCTION

This matter is before the Court on Plaintiff's Motion for Preliminary Injunction (Docket No. 9). In consideration of this motion, this Court has considered the following factors: (1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent a preliminary injunction, (3) whether granting the preliminary injunction would cause substantial harm to others, and (4) whether the public interest would be served by granting the preliminary injunction. *Ohio Rep. Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008) (citation omitted). The Court having reviewed the motion and heard argument of counsel on February 12, 2018, and being otherwise sufficiently advised, the Court hereby finds as follows:

   1.   Plaintiff and the Class has shown a strong likelihood of success on the merits of their claims for violation of Federal securities law, Kentucky security law, breach of contract, and fraudulent inducement.

2. Plaintiff has established in its Motion that the rights of Plaintiff and the Class will be irreparably harmed absent a preliminary injunction from this Court. Without entry of the preliminary injunction, Plaintiff may be unable to recover for his equitable claims.

3. The balance of hardships also favors Plaintiff because a preliminary injunction would preserve the status quo and give the Court the ability to make a meaningful ruling on the merits of this case.

4. The entry of a preliminary injunction is in the public interest because the public is interested in preventing massive consumer fraud and other securities violations described in the Class Action Complaint.

5. Because of the apparent strength of Plaintiff's case, the Court concludes that requiring security pursuant to Fed. R. Civ. P. 65(c) is not appropriate in this case.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's Motion for Preliminary Injunction is GRANTED.

2. Defendants, Bitconnect International, PLC, Bitconnect LTD and Bitconnect Trading, LTD and Ryan Maasen must disclose all Bitcoin and other wallet addresses so their money can be monitored if they have not previously disclosed this information pursuant to the Temporary Restraining Order (Docket No. 7).

3. Defendants, Bitconnect International, PLC, Bitconnect LTD and Bitconnect Trading, LTD and Ryan Maasen, are hereby forbidden from moving any assets unless specifically allowed by this Court.

4. The requirement of security under Fed. R. Civ. P. 65(c) is waived.

Dated this ___ day of February 2018

                                                                                     _____
                                                                                      Judge, Western District of Kentucky