**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

BRIAN PAIGE,

        Plaintiff, individually and on
        behalf of all others similarly
        situated,

v.

BITCONNECT INTERNATIONAL PLC,
*et al.*

        Defendants.

Case No.:  3:18-cv-00058-JHM

## AMENDED ORDER GRANTING TEMPORARY RESTRAINING ORDER

This matter is before the Court on Plaintiff's Motion for Temporary Restraining Order (Docket No. 2-1).  Under Fed. R. Civ. P. 65, a Court may grant a temporary restraining order *ex parte*.  As required by the rule, specific facts in the form of an affidavit or verified complaint must demonstrate an "immediate and irreparable injury, loss, or damage, will result to movant before the adverse party can be heard in opposition," and the attorney must certify in writing any efforts made to provide notice to the adverse party.  See Fed. R. Civ. P. 65(b)(1).  Any order issued without notice to the adverse party must state "the date and hour it was issued; describe the injury and state why it is irreparable; state why the order is issued without notice and be promptly filed in the clerk's office and entered in the record.  The order expires at a time and after entry – not to exceed 14 days." *Id*. at (b)(2).

This Court has considered the following factors: (1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent a restraining order, (3) whether granting the restraining order would cause substantial harm to others, and (4) whether the public interest would be served by granting the restraining order.  *Ohio*

*Rep. Party v. Brunner,* 543 F.3d 357, 361 (6th Cir. 2008) (Citation Omitted).  Having reviewed the Motion and being otherwise sufficiently advised, the Court hereby finds as follows:

1.      Plaintiff and the Class has shown a strong likelihood of success on the merits of their claims for violation of Federal securities law, Kentucky security law, breach of contract, and fraudulent inducement.

2.      Plaintiff has established in its Motion and supporting Affidavit that the rights of Plaintiff and the Class will be immediately and irreparably harmed absent a temporary restraining order from this Court.  Without entry of the temporary restraining order, Plaintiff may be unable to recover for his equitable claims.

3.      The balance of hardships also favors Plaintiff because a temporary restraining order would present the status quo and give the Court the ability to make a meaningful ruling on the merits of this case.

4.      The entry of a temporary restraining order is in the public interest because the public is interested in preventing massive consumer fraud and other securities violations described in the Class Action Complaint.

5.      This temporary restraining order is being entered without notice to Defendants to preserve the status quo and prevent irreparable harm until such times as the Court may hold a hearing.

6.      Because of the apparent strength of Plaintiff's case, the Court concludes that requiring security pursuant to Fed. R. Civ. P. 65(c) is not appropriate in this case, at this time.

7.      A telephonic conference was conducted on February 7, 2018 pursuant to the Motion for Telephonic Status Conference (Docket No. 11-1) filed by R. Kent Westberry, counsel for Defendant Ryan Maasen.  Plaintiff and Defendant, Ryan Maasen, were represented by counsel.

The remaining Defendants did not participate in the conference.  Pursuant to the telephonic conference, Counsel or Plaintiff and Defendant, Ryan Maasen, agreed to amendments to the Temporary Restraining Order as set forth herein.

8.      The Court finds such agreed amendments appropriate and should be entered.

Accordingly,  IT IS HEREBY ORDERED as follows:

1.      Plaintiff's Motion for Temporary Restraining Order is GRANTED.

2.      On or before February 23, 2018, Defendants, Bitconnect International, PLC, Bitconnect LTD and Bitconnect Trading, LTD and Ryan Maasen shall disclose to Plaintiff (a) all Bitcoin and other cryptocurrency wallet addresses, (b) all cryptocurrency trading account addresses, and (c) the identity of the holder/owner of any wallet or cryptocurrency address to which Defendants have transferred any Bitcoin or other cryptocurrency in the past 90 Days, so that these assets can be monitored and traced.

3.      Defendants, Bitconnect International, PLC, Bitconnect LTD and Bitconnect Trading, LTD and Ryan Maasen, are hereby forbidden from moving any assets unless specifically allowed by this Court.  Defendant, Ryan Maasen, however, is hereby authorized to use his finances for retention of legal counsel and ongoing legal fees and costs as well as for payment of reasonable personal expenses for him and his family.

4.      The requirement of security under Fed. R. Civ. P. 65(c) is waived, for now.

5.      Pursuant to Fed. R. Civ. P. 65(b)(2) and the agreement of counsel for Plaintiff and Defendant, Ryan Maasen, the temporary restraining order shall extend to, and expire on, February 27, 2017.

6.      The hearing on Plaintiff's Motion for Preliminary Injunction (Docket No. 9) is hereby set for February 27, 2018 at _____  ___.m. CST.

3

7.      Defendant, Ryan Maasen, shall not be obligated to file an Answer or other responsive pleading to Plaintiff's Complaint until further order of this Court.

8.      Entered this _____ day of February, 2018, at _____ __.m., CST.


_____
Judge, Western District of Kentucky

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of February, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

It is further certified that I mailed the foregoing document and the notice of electronic filing by first class mail to the following non-CM/ECF participants:

N/A

 /s  R. Kent Westberry
*Counsel for Ryan Maasen*