IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

BRIAN PAIGE,

    Plaintiff, individually and on behalf of all others similarly situated,

v.

BITCONNECT INTERNATIONAL PLC, *et al.*

    Defendants.

Case No.: 3:18-cv-00058-JHM

### SECOND AMENDED ORDER GRANTING TEMPORARY RESTRAINING ORDER

This matter is before the Court on Plaintiff's Motion for Temporary Restraining Order (Docket No. 2-1). Under Fed. R. Civ. P. 65, a Court may grant a temporary restraining order *ex parte*. As required by the rule, specific facts in the form of an affidavit or verified complaint must demonstrate an "immediate and irreparable injury, loss, or damage, will result to movant before the adverse party can be heard in opposition," and the attorney must certify in writing any efforts made to provide notice to the adverse party. See Fed. R. Civ. P. 65(b)(1). Any order issued without notice to the adverse party must state "the date and hour it was issued; describe the injury and state why it is irreparable; state why the order is issued without notice and be promptly filed in the clerk's office and entered in the record. The order expires at a time and after entry – not to exceed 14 days." *Id.* at (b)(2).

This Court has considered the following factors: (1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent a restraining order, (3) whether granting the restraining order would cause substantial harm to

1

others, and (4) whether the public interest would be served by granting the restraining order. *Ohio Rep. Party v. Brunner,* 543 F.3d 357, 361 (6th Cir. 2008) (Citation Omitted). Having reviewed the Motion and being otherwise sufficiently advised, the Court hereby finds as follows:

1. Plaintiff and the Class has shown a strong likelihood of success on the merits of their claims for violation of Federal securities law, Kentucky security law, breach of contract, and fraudulent inducement.

2. Plaintiff has established in its Motion and supporting Affidavit that the rights of Plaintiff and the Class will be immediately and irreparably harmed absent a temporary restraining order from this Court. Without entry of the temporary restraining order, Plaintiff may be unable to recover for his equitable claims.

3. The balance of hardships also favors Plaintiff because a temporary restraining order would present the status quo and give the Court the ability to make a meaningful ruling on the merits of this case.

4. The entry of a temporary restraining order is in the public interest because the public is interested in preventing massive consumer fraud and other securities violations described in the Class Action Complaint.

5. This temporary restraining order is being entered without notice to Defendants to preserve the status quo and prevent irreparable harm until such times as the Court may hold a hearing.

6. Because of the apparent strength of Plaintiff's case, the Court concludes that requiring security pursuant to Fed. R. Civ. P. 65(c) is not appropriate in this case, at this time.

7. A telephonic conference was conducted on February 7, 2018 pursuant to the Motion for Telephonic Status Conference (Docket No. 11-1) filed by R. Kent Westberry, counsel for

Defendant Ryan Maasen. Plaintiff and Defendant, Ryan Maasen, were represented by counsel. The remaining Defendants did not participate in the conference. Pursuant to the telephonic conference, Counsel or Plaintiff and Defendant, Ryan Maasen, agreed to amendments to the Temporary Restraining Order as set forth herein.

    8.    The Court finds such agreed amendments appropriate and should be entered.

Accordingly, IT IS HEREBY ORDERED as follows:

    1.    Plaintiff's Motion for Temporary Restraining Order is GRANTED.

    2.    On or before February 23, 2018, Defendants, Bitconnect International, PLC, Bitconnect LTD and Bitconnect Trading, LTD and Ryan Maasen shall disclose to Plaintiff (a) all Bitcoin and other cryptocurrency wallet addresses, (b) all cryptocurrency trading account addresses, and (c) the identity of the holder/owner of any wallet or cryptocurrency address to which Defendants have transferred any Bitcoin or other cryptocurrency in the past 90 Days, so that these assets can be monitored and traced.

    3.    Defendants, Bitconnect International, PLC, Bitconnect LTD and Bitconnect Trading, LTD and Ryan Maasen, are hereby forbidden from moving any assets unless specifically allowed by this Court. Defendant, Ryan Maasen, however, is hereby authorized to use his finances for retention of legal counsel and ongoing legal fees and costs as well as for payment of reasonable personal expenses for him and his family.

    4.    The requirement of security under Fed. R. Civ. P. 65(c) is waived, for now.

    5.    Pursuant to Fed. R. Civ. P. 65(b)(2) and the agreement of counsel for Plaintiff and Defendant, Ryan Maasen, the temporary restraining order shall extend to, and expire on, February 27, 2018.

6. The hearing on Plaintiff's Motion for Preliminary Injunction (Docket No. 9) is hereby set for February 27, 2018 at 10:00 a.m. CST in Owensboro, Kentucky.

7. Defendant, Ryan Maasen, shall not be obligated to file an Answer or other responsive pleading to Plaintiff's Complaint until further order of this Court.

8. Entered this 9th day of February, 2018, at 1:55 p.m., CST.

*[Signature: Joseph H. McKinley]*

HAVE SEEN AND AGREED TO:

/s Jasper D. Ward IV (signed with permission)
Jasper D. Ward IV
Alex C. Davis
JONES WARD PLC
The Pointe
1205 E. Washington Street, Suite 111
Louisville, Kentucky 40206
T: (502) 882-6000
jasper@jonesward.com
alex@jonesward.com
*Counsel for Plaintiff and the Class*

4

/s *Abigale Rhodes Green (signed with permission)*
Abigale Rhodes Green
ABIGALE RHODES GREEN INJURY LAW, PLLC
1800 Kentucky Home Life Building
239 S. Fifth Street
Louisville, KY 40202
(502) 736-8159
agreen@arglawfirm.com
*Counsel for Plaintiff and the Class*


/s *R. Kent Westberry*
R. Kent Westberry
Bridget M. Bush
LANDRUM & SHOUSE, LLP
220 W. Main St., Ste. 1900
Louisville, KY 40202-1395
Ph: (502) 589-7616
kwestberry@landrumshouse.com
bbush@landrumshouse.com
*Counsel for Ryan Maasen*