**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

BRIAN PAIGE

      Plaintiff, individually and
      on behalf of all others
      similarly situated

v.

Bitconnect International PLC,
Bitconnect LTD,
BitConnect Trading Ltd,
And Ryan Maasen.

      Defendants.

C.A. No. 3:18-cv-00058-CHB-CHL

**THE BITCONNECT INVESTOR GROUP'S REPLY MEMORANDUM**
**IN FURTHER SUPPORT OF ITS MOTION FOR APPOINTMENT**
**<u>AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL</u>**

## TABLE OF CONTENTS

**Page**

SUMMARY OF ARGUMENT .................................................................................................1

PRELIMINARY STATEMENT .............................................................................................1

ARGUMENT ...........................................................................................................................3

      I.     STANDARDS OF LAW ...........................................................................................3

      II.    THE BITCONNECT INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF..........................................................................................................4

           A.     The PSLRA Plainly Applies to the Action ................................................4

           B.     The BitConnect Investor Group is the Presumptive Lead Plaintiff Under the PSLRA ................................................................................................5

      III.   THE BITCONNECT INVESTOR GROUP'S CHOICE OF LEAD COUNSEL SHOULD BE APPROVED ........................................................................................8

CONCLUSION.........................................................................................................................9

**Page(s)**

<u>**Cases**</u>

*Currie v. Cayman Resources Corp.*,
    835 F.2d 780 (11th Cir. 1988) ................................................................. 9

*Doshi v. Gen. Cable*,
    2017 U.S. Dist. LEXIS 184254 (E.D. Ky. Nov. 7, 2017) ............................... 3, 6, 8

*Edward J. Goodman Life Income Trust v. Jabil Circuit Inc., et al*,
    2007 U.S. Dist. LEXIS 3592 (M.D. Fla. Jan. 18, 2007) ................................. 7

*Ehlert v. Singer*,
    185 F.R.D. 674 (M.D. Fla. 1999) ............................................................. 8

*Guohua Zhu v. UCBH Holdings, Inc.*,
    682 F. Supp. 2d 1049 (N.D. Cal. 2010) ..................................................... 2

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) ................................................................. 6

*In re 21st Century Holding Co. Sec. Litig.*,
    2007 U.S. Dist. LEXIS 103464 (S.D. Fla. Nov. 20, 2007) .............................. 6, 7

*In re Cardinal Health, Inc. Sec. Litig.*,
    226 F.R.D. 298 (S.D. Ohio 2005) ............................................................. 6

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001) ................................................................... 8

*In re Oxford Health Plans, Inc. Sec. Litig.*,
    182 F.R.D. 42 (S.D.N.Y. 1998) ............................................................... 6

*Lane v. Wells Fargo Bank, N.A.*,
    2013 U.S. Dist. LEXIS 87669 (N.D. Cal. June 21, 2013) ............................... 4

*Newman v. Eagle Bldg. Techs.*,
    209 F.R.D. 499 (S.D. Fla. 2002) ............................................................. 8

*Oklahoma Law Enforcement Ret. Sys. V. Adeptus Health Inc.*,
    2017 U.S. Dist. LEXIS 140268 (E.D. Tex. Aug. 31, 2017) .............................. 3

*Ruckel v. Ford Motor Co.*,
    2018 U.S. Dist. LEXIS 19656 (E.D. Mich. Feb. 7, 2018) ............................... 3

*Smith v. Dominion Bridge Corp.*,
    2007 U.S. Dist. LEXIS 26903 (E.D. Pa. Apr. 11, 2007) ............................... 4, 5

*Willis v. Morgan Keegan & Co. (In re Regions Morgan Keegan Closed-End Fund Litig.)*,
    2010 U.S. Dist. LEXIS 132902 (W.D. Tenn. Dec. 15, 2010) ........................... 4

**Statutes**

15 U.S.C. § 77z-1(a)(1) ............................................................................................. 3, 4

15 U.S.C. § 77z-1(a)(3)(B) ............................................................................................. 8

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) ................................................................................... 3

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa) ............................................................................ 8

15 U.S.C. § 77z-1(a)(3)(B)(v) ......................................................................................... 8

**Rules**

Fed. R. Civ. P. 23 ............................................................................................... *passim*

Fed. R. Civ. P. 23(g)(2) .................................................................................................. 8

## SUMMARY OF ARGUMENT

The BitConnect Investor Group[1] respectfully submits this Reply memorandum of law in further support of the Group's motion for appointment as lead plaintiff and approval of selection of counsel, Dkt. No. 30 (the "Motion").  The Group has the largest financial interest among the adequate movants and is the presumptive lead plaintiff under the Private Securities Litigation Reform Act ("PSLRA") and controlling authority in this Circuit.  The BitConnect Investor Group also satisfies the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure.  Accordingly, the Group should be appointed lead plaintiff; and its selection of counsel, Levi & Korsinsky, LLP ("Levi & Korsinsky") and Silver Miller, and should be approved as Co-Lead Counsel, and Gray & White Law ("Gray & White") as Liaison Counsel.

## PRELIMINARY STATEMENT

On April 13, 2018, the BitConnect Investor Group was the sole movant to submit in this matter a motion for appointment as lead plaintiff and approval of lead counsel pursuant to the PSLRA's mandated procedures.  Additionally, the Group moved for appointment as lead plaintiff and approval of lead counsel in the following related securities class actions pending before the United States District Courts for (i) the Southern District of Florida, *Kline, et al. v. BitConnect, et al.*, 9:18-cv-80512-DMM (the "*Kline* Action"); (ii) the District of Minnesota, *Mengesha v. BitConnect Int'l PLC, et al.*, 0:18-cv-00279-WMW-SER (the "*Mengesha* Action"); and (iii) the Southern District of Florida, *Wildes, et al. v. BitConnect Int'l PLC, et al.*, 9:18-cv-80086-DMM (the "*Wildes* Action").  The Group also moved for consolidation of the following actions pending in the Southern District of Florida: (a) the *Wildes* Action; (b) *Long, et al. v. BitConnect Int'l, PLC, et al.*, 9:18-cv-80319-WPD (the "*Long* Action"); and (c) *Avalos v. BitConnect Int'l, PLC, et al.*,

---

[1]      Unless otherwise defined, capitalized terms contained herein have the same meaning ascribed to them in the BitConnect Investor Group's Motion and Incorporated Memorandum of Law in Support of Its Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel.  Dkt. No. 30.

9:18-cv-21118-DMM (the "*Avalos* Action," and collectively with this Action, the *Kline*, *Mengesha, Wildes*, *Long*, and *Avalos* Actions are referred to as the "Related Actions").

On April 27, 2018, plaintiff Brian Paige ("Paige" or "Plaintiff") filed a memorandum of law opposing the BitConnect Investor Group's Motion, Dkt. No. 32 (the "Response").  The Response is also purportedly filed on behalf of the so-called "National Plaintiffs Group."  *Id*. at 6. The National Plaintiffs Group is purportedly comprised of Plaintiff, plaintiffs in the *Long* Action (Paul Long and Kiandra Love), plaintiff in the *Mengesha* Action (Patricia Mengesha), and plaintiffs in the *Kline* Action (Andrew Kline, Dusty Showers, Lena Huna, and Charles Mabra).[2] *Id*.  The "National Plaintiff's Group" is represented by no fewer than **eight law firms**:  (1) Stull, Stull & Brody; (2) Eggnatz | Pascucci; (3) Abbott Law Group, P.A.; (4) Morgan & Morgan; (5) Meshbesher & Spence LTD.; (6) Lockridge Grindal Nauen P.L.L.P.; (7) Jones Ward PLC; and (8) Abigale Rhodes Green Injury Law, PLLC.  *Id*.[3]

None of the foregoing law firms (and none of their clients) actually filed a motion for appointment before the statutory deadline.  Rather, the National Plaintiffs Group asks this Court for relief in its opposition to the instant Motion.  This failure is notable because: (a) the National Plaintiffs Group missed the statutory deadline to seek appointment as lead plaintiff under the PSLRA; and (b) it is inappropriate for the National Plaintiffs Group to seek relief in this fashion, rather than in a timely motion of its own.  *Guohua Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1053 (N.D. Cal. 2010) ("The PSLRA is unequivocal and allows for no exceptions."); *see also Oklahoma Law Enforcement Ret. Sys. v. Adeptus Health Inc.*, 2017 U.S. Dist. LEXIS 140268,

---

[2]    Plaintiffs Andrew Kline, Dusty Showers, Lena Huna, and Charles Mabra filed a substantively identical opposition to the Group's Motion in the *Kline* Action, Dkt. No. 38.

[3]    Additionally, it appears as though the National Plaintiffs Group may also be represented by a ninth firm: the Law Office of Jean Sutton Martin PLLC. The Response, at 9, touts Ms. Jean Martin's involvement in the case, however, Ms. Martin does not appear to be affiliated with any of the eight aforementioned law firms.

at *13 (E.D. Tex. Aug. 31, 2017) (stating that "compliance with the procedural requirements of the PSLRA should be strictly enforced") (citations omitted).

As discussed *infra*, the National Plaintiffs Group's Response is comprised of legal standards invented out of whole cloth,[4] misrepresented case law, pointless insults directed at members of the proposed Class, and inconsistent arguments against the plaintiffs' own legal theories. Indeed, at its core, the Response is nothing more than a transparent attempt by eight (8) law firms to take control of this litigation, regardless of the consequences to the putative Class.

The PSLRA provides for the Court to appoint as lead plaintiff the movant with the largest financial interest in the litigation who also meets the adequacy and typicality requirements under Rule 23. As discussed *infra*, the PSLRA plainly governs this Action; and therefore, the BitConnect Investor Group is the presumptive lead plaintiff because it the only movant for appointment as lead under the PSLRA, has larger financial losses than the "National Plaintiffs Group" (even in the aggregate), and satisfies the typicality and adequacy requirements of Rule 23.

## ARGUMENT

### I.    STANDARDS OF LAW

The provisions of the PSLRA "shall apply to each private action arising under [the Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(1). Pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) of the PSLRA, the presumptive "most adequate plaintiff" to serve as lead plaintiff is the movant: (1) that has the largest financial interest in the relief sought by the class; and (2) that has made a *prima facie* showing that he, she, or it is satisfies the requirements to serve as class representative under Rule 23. *Doshi v. Gen. Cable*, 2017 U.S. Dist. LEXIS 184254, at *4–5 (E.D. Ky. Nov. 7, 2017); *see also Ruckel v. Ford Motor Co.*, 2018 U.S. Dist. LEXIS 19656, at *4 (E.D. Mich. Feb. 7, 2018);

---

[4]    In fact, the entirety of the Response cites to no opinions within this District, and not a single case from this Circuit.

*Willis v. Morgan Keegan & Co. (In re Regions Morgan Keegan Closed-End Fund Litig.)*, 2010 U.S. Dist. LEXIS 132902, at *13 (W.D. Tenn. Dec. 15, 2010).

## II.  THE BITCONNECT INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

### A.  The PSLRA Plainly Applies to the Action

As noted, the PSLRA applies to "each private action arising under [the Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. § 77z-1(a)(1).  This Action, and all of the Related Actions, allege violations of the Securities Act.[5] This is not subject to debate or dispute.  Indeed, Count II of the Complaint in the Action alleges violations of Section 5(a) and 5(c) of the Securities Act of 1933.  Compl. ¶¶ 100–109.[6]  As such, the PSLRA unquestionably applies.

Despite this fact, the Response claims that the PSLRA does not apply to the Action because "[t]his is not a pure securities class action case."  Response at 2; *see also id.* at 3 ("The heart of this action involves false and deceptive marketing to consumers.").[7]  Indeed, Count II of the

---

[5]    *See* Compl. ¶¶ 100–109 (alleging claims under Sections 5(a) and 5(c) of the Securities Act); *Long* Action, Dkt. No. 1 ¶¶ 104–113 (same); *Mengesha* Action, Dkt. No. 1 ¶¶ 79–88 (same); and *Kline* Action, Dkt. No. 1 ¶¶ 79–92 (alleging claims under Sections 5, 12(a)(1), and 15 of the Securities Act); *Wildes* Action, Dkt. No. 19 ¶¶ 108–120 (alleging claims under Sections 12(a)(1) and 15(a) of the Securities Act); *Avalos* Action, Dkt. No. 1, ¶¶101–115 (same).

[6]    Indeed, on February 8, 2018, counsel in the *Kline* Action issued a press release announcing that the *Kline* Action was filed and that it alleges "violations of federal securities laws" relating to the BitConnect lending and staking program. *See* https://globenewswire.com/news-release/2018/02/08/1336672/0/en/Stull-Stull-Brody-Announces-the-Filing-of-a-Class-Action-Suit-on-Behalf-of-Investors-in-BitConnect.html.

[7]    In support of this tenuous logic, the Response cites to two cases: *Lane v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 87669 (N.D. Cal. June 21, 2013) and *Smith v. Dominion Bridge Corp.*, 2007 U.S. Dist. LEXIS 26903 (E.D. Pa. Apr. 11, 2007).  Neither of those cases support the Kline Group's argument that, if an action alleges state law claims in conjunction with Securities Act claims, it is not covered by the PSLRA.  For example, the reason the PSLRA did not apply in *Lane* is because the case involved **no claims** under the federal securities law.  *Lane*, 2013 U.S. Dist. LEXIS 87669, at *44 n.3.  Likewise, *Dominion* does not support the National Plaintiffs Group's argument, given that ***Dominion* was decided under the PSLRA**.  Indeed, the footnote in

4

Plaintiff's complaint alleges "Violation of Sections 5(a) and 5(c) of the Federal Securities Act." Compl. ¶¶ 100–109.[8]

Rather than accept the obvious fact that the PSLRA plainly applies to the Action, the National Plaintiffs Group, in its Response, illogically argues against their own claims. More specifically, the Response argues that the investments offered and sold by BitConnect were not securities; and that in purchasing such investments, the Class was engaged in "speculation, not investing." Response at 2–3.

It is astounding that the so-called "National Plaintiffs Group" would argue that the investments in BitConnect were not securities given the fact that **the first count in each of their Complaints alleges that such investments are securities**. *See, supra*, Note 5. As such, it is obvious that this argument originates in a transparent attempt by the eight (8) law firms representing the "National Plaintiffs Group" to take part in this litigation—even if it means arguing against their own primary legal theory. Thus, this argument is so disconnected from reality and the law that it rises to the level of bad faith. The Court should treat it as such.

## B. The BitConnect Investor Group is the Presumptive Lead Plaintiff Under the PSLRA

The BitConnect Investor Group is the plaintiff with the largest financial interest in the litigation and has made a *prima facie* showing of "typicality" and "adequacy" under Rule 23. *See*

---

the *Dominion* decision cited in the Response merely explains situations where the PSLRA does not apply, which includes: (i) cases before the PSLRA was enacted; (ii) antitrust cases not brought pursuant to the federal securities laws; (iii) and consumer class actions not brought pursuant to the federal securities laws. *Dominion*, 2007 U.S. LEXIS 26903, at *38 n.12. Unlike the foregoing examples, the instant matter was brought after the PSLRA was enacted and was brought pursuant to the federal securities laws. Therefore, under the very analysis cited by the National Plaintiffs Group, the PSLRA plainly applies.

[8]      Additionally, the Response argues that "the BitConnect Investor Group did not assert state consumer protection act claims in the action brought by in the Southern District of Florida." Response at 3. However, the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") is Florida's consumer protection law; and the *Wildes* Action does allege claims under FDUTPA. *Wildes* Action, Dkt. No. 19 ¶¶134–147.

Motion at 9–14.  Indeed, the BitConnect Investor Group is the **only** movant to seek appointment by the statutory deadline.  Dkt. No. 30.  The BitConnect Investor Group's claims are "typical" of the proposed Class within the meaning of Rule 23(a)(3) because its claims arise from the same course of conduct by Defendants that gives rise to the other proposed Class members' claims and are based on the same legal theories.  *See In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 304 (S.D. Ohio 2005); *see also In re 21st Century Holding Co. Sec. Litig.*, 2007 U.S. Dist. LEXIS 103464, at \*9 (S.D. Fla. Nov. 20, 2007); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019–20 (9th Cir. 1998); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiffs' claims "arise from the same conduct from which the other class members' claims and injuries arise") (citation omitted).

Moreover, the Group is an adequate representative of the Class.  Under Rule 23 (a)(4), the representative parties must "fairly and adequately protect the interests of the class."  "A plaintiff can establish the adequacy prong by demonstrating that its interests are not antagonistic to those of the class and it is not subject to unique defenses that render it incapable of adequately representing the class" *Doshi*, 2017 U.S. Dist. LEXIS 184254, at \*6 (internal quotation marks and citation omitted).  Here, the Group's interests are clearly aligned with those of the other members of the Class.  Not only is there no evidence of antagonism between the Group's interests and those of the Class, but the Group has a significant and compelling interest in prosecuting the Action based on the large financial losses it has suffered.  This motivation, combined with the Group's identical interests with the members of the Class, demonstrates that the BitConnect Investor Group will vigorously pursue the interests of the Class.

Despite the foregoing, the Response argues that the BitConnect Investor Group is not a "proper lead plaintiff" because: (i) the Group is not comprised of institutional investors; (ii) the Group was purportedly "cobble[d] together" to ensure that the Group's counsel would be appointed as lead counsel; and (iii) the Group's losses are too high.  Response at 3–5.  Each of these arguments have no legal foundation and fail as a matter of law.

First, the Response argues that because the Group is not comprised of institutional investors, it is not an adequate lead plaintiff. Response at 3–4. The PSLRA does not mandate that lead plaintiffs be institutional investors. Rather, institutional investors might be "favored as lead plaintiffs," but they are not the only entities or people eligible for such appointment. *In re 21st Century*, U.S. Dist. LEXIS 103464, at *14. Rather, individual investors have been appointed as lead plaintiffs under the PSLRA hundreds of times since the PSLRA's passage.[9]

Second, the Response argues that the BitConnect Investor Group was "cobble[d]" together by the Group's counsel who has engaged in "attorney driven litigation" and "self-interested behavior," which the Response argues should disqualify appointment of the BitConnect Investor Group as lead plaintiff. Response at 5. However, "aggregation of individual losses to form a small group is acceptable and 'derives from the language of the PSLRA which states that the most adequate plaintiff is the 'person or group of persons.''" *In re 21st Century*, 2007 U.S. Dist. LEXIS 103464, at *10 (quoting *Edward J. Goodman Life Income Trust v. Jabil Circuit Inc., et al*, 2007 U.S. Dist. LEXIS 3592, at *1, *8 (M.D. Fla. Jan. 18, 2007)). Additionally, this argument is particularly mystifying given the fact that the so-called "National Plaintiffs Group" is: a) itself a group; and b) belatedly seeking relief in a response memorandum of law that cobbles together eight (8) plaintiffs and eight (8) law firms to lead this action. Response at 6–11.

Third, the National Plaintiffs argues that "putting the fate of the putative class in the hands of the two investors who got duped out of the most is not in the best interest of the class." Response at 5. The fact is, **all** class members were "duped" by the BitConnect scheme. Following the National Plaintiffs Group's flawed logic would lead to the conclusion that no class members should lead the action. More to the point, this logic flies in the face of the PSLRA's mandate that

---

[9]     *See, e.g.*, James D. Cox, Randall S. Thomas, Lynn Bai, *There Are Plaintiffs and . . . There Are Plaintiffs: An Empirical Analysis of Securities Class Action Settlements*, 61 Vand. L. Rev. 355, 369 (2008) (law review article containing analysis of settlements in PSLRA cases wherein 329 of the 633 post-PSLRA cases analyzed had lead plaintiffs that were either groups of individuals or single individuals).

the "most important factor in determining the lead plaintiff is the amount of financial interest claimed." *Newman v. Eagle Bldg. Techs.*, 209 F.R.D. 499, 502 (S.D. Fla. 2002); *see also Doshi*, 2017 U.S. Dist. LEXIS 184254 at *5; *Ehlert v. Singer,* 185 F.R.D. 674, 677 (M.D. Fla. 1999) ("Bottom line, the plaintiff with the most at stake is usually the one that is best able to negotiate and oversee counsel's actions."). As such, the National Plaintiffs Group is trying to stand the law on its head and argue that the most important factor requiring the appointment of the BitConnect Investors Group as lead plaintiff is actually disqualifying. The Court should not countenance such a blatant disregard for black letter statutory law.

## III. THE BITCONNECT INVESTOR GROUP'S CHOICE OF LEAD COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 77z-1(a)(3)(B) (v); *see also Miller v. Dyadic Int'l Inc.*, 2007 U.S. Dist. LEXIS 96099, at *6 (S.D. Fla. Dec. 14, 2007) (same). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa); *see also In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001) (stating that the PSLRA "evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention").

Notwithstanding that well-established standard, the Response argues the National Plaintiffs Group's consortium of eight (8) law firms would be "*best* able to represent the interests of the class." Response at 5–6 (citing Fed. R. Civ. P. 23(g)(2) (emphasis in original)). However, as detailed *supra* in Section I.A., the Related Actions are governed by the PSLRA; therefore, selection of counsel is governed by 15 U.S.C. § 77z-1(a)(3)(B)(v), and the Response's entire discussion regarding Rule 23(g) is wholly irrelevant.

Moreover, even under Rule 23(g), the consortium of law firms seeking to represent the National Plaintiffs Group fails to satisfy the Rule's requirements and fails to establish its claim to be best positioned to serve as lead counsel in this class action. For example, the *Kline* Action

8

alleges violations of Sections 17(a)(2) and 17(a)(3) of the Exchange Act, Compl. ¶¶93–100. The majority of Circuits -- including the Eleventh Circuit where the *Kline* Action is pending -- have held there is no implied private right of action under Section 17(a). *See e.g.*, *Currie v. Cayman Resources Corp.*, 835 F.2d 780, 784–5 (11th Cir. 1988) ("[S]ection 17(a) does not imply a private cause of action and . . . the district court correctly dismissed this theory of relief."). Similarly, this Action -- and the *Paige*, *Mengesha*, and *Long* Actions -- alleged direct claims for violation of Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §77e(a), (c).[10] There is, however, no direct private right of action under Section 5. *Id*. The private right of action to enforce Section 5 is located in Section 12 of the Securities Act, 15 U.S.C. § 77l(a)(1). Clearly, despite the National Plaintiffs Group's claims to the contrary, their consortium of eight (8) firms does not possess "superior ability to represent and protect the interests of the class." Response at 11.

## **CONCLUSION**

The Response submitted by the National Plaintiffs Group fails as a matter of law because the PSLRA plainly applies to all Related Actions. Moreover, because the BitConnect Investors Group is the only timely movant before the Court and has sustained the largest amount of losses, the BitConnect Investors Group is the presumptive lead plaintiff under the PSLRA and should be appointed to lead the Action. Additionally, as already set forth in the Motion, Levi & Korsinsky, Silver Miller, and Gray & White have extensive experience in successfully prosecuting complex litigation, including securities class actions, and should be appointed as Co-Lead Counsel, and Liaison Counsel, respectively, as set forth in the Motion.

*[Signatures on the Following Page]*

---

[10]   Dkt. No. 1 ¶¶100–9; *Mengesha* Action, Dkt. No. 1 ¶¶79–88; *Long* Action, Dkt. No. 1 ¶¶104–113.

Dated: May 11, 2018

Respectfully submitted,

**GRAY & WHITE LAW**

By: */s/ Jacob E. Levy*
    Mark K. Gray
    Matthew L. White
    Jacob E. Levy
    713 E. Market St., Suite 200
    Louisville, Kentucky 40202
    Telephone: (502) 805-1800
    Facsimile: (502) 918-4059

*Attorneys for Movants Albert Parks and Faramarz Shemirani*

**OF COUNSEL:**

**LEVI & KORSINSKY, LLP**
Eduard Korsinsky
30 Broad Street, 24th Floor
New York, New York 10004
Telephone: (212) 363-7500
Facsimile: (212) 636-7171

Donald J. Enright
Elizabeth K. Tripodi
John A. Carriel
**LEVI & KORSINSKY, LLP**
1101 30th Street, N.W., Suite 115
Washington, DC 20007
Telephone: (202) 524-4290
Fax: (202) 333-2121

**SILVER MILLER**
David C. Silver
Jason S. Miller
11780 W. Sample Road
Coral Springs, Florida, 33065
Telephone: (954) 516-6000

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2018, I caused to be served the foregoing The Bitconnect Investor Group's Reply Memorandum in Further Support of Its Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel, by filing with the CM/ECF system, which in turn will serve all following parties electronically through the system:

Abigale R. Green
**Abigale Rhodes Green Inquiry Law, PLLC**
239 S. Fifth Street, Suite 1800
Louisville , KY  40202
502-736-8159
Fax: 502-736-8150
Agreen@arglawfirm.com

Alex C. Davis
Jasper D. Ward, IV
**Jones Ward PLC**
The Pointe 1205 E. Washington Street, Suite 111
Louisville , KY  40206
502-882-6000
Fax: 502-587-2007
Alex@jonesward.com
Jasper@jonesward.com

*Attorneys for Plaintiff Brian Paige*


R. Kent Westberry
Bridget M. Bush
**Landrum & Shouse, LLP**
220 W. Main Street, Suite 1900
Louisville , KY  40202
502-589-7616
Fax: 502-589-2119
Kwestberry@landrumshouse.com
Bbush@landrumshouse.com

*Attorneys for Defendant Ryan Maasen*

/s/ Jacob E. Levy